IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESLEY PHILLIP WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PRINCE GEORGE'S COUNTY ADULT<br>DETENTION CENTER, et al.,<br><br>    Defendants. | Civil Action No.:  ELH-22-1373 |

**MEMORANDUM**

Plaintiff Wesley Phillip Wilson, who is incarcerated at Prince George's County Detention Center, alleges, pursuant to 42 U.S.C. § 1983, that he is being denied adequate medical care and the conditions of his confinement are unlawful. He names as defendants the "Prince George's County Adult Detention Center" and Corizon Health.

For the reasons discussed below, plaintiff's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.  However, plaintiff will be provided with an opportunity to file an amended complaint to correct the deficiencies noted.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this Complaint and dismissal of the Complaint if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* ___ U.S. ___, 140 S.Ct. 1721 (2020).

Here, the Complaint is deficient because plaintiff has failed to identify a proper defendant.

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). A private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Public Safety and Correctional Services,* 316 Fed. Appx. 279, 282 (4th Cir. 2009).

Additionally, a number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person.

A complaint drafted by a self-represented plaintiff is held to a less stringent standard than one drafted by an attorney. A plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Plaintiff is provided an opportunity to file an amended complaint within 28 days of the date of docketing of this Order, to include the necessary allegations regarding his claims, as directed above.

To comply with the Federal Rules of Civil Procedure, a complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief. *See* Fed. R. Civ. Proc. 8(a). It must also name each defendant. *See* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "'give the defendant fair notice'" of the plaintiff's claim and "'the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As a reminder, an amended complaint generally replaces the original complaint. The general rule is that "'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint); *see also Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action, to which defendants must respond. Additionally, an amended complaint must meet the

requirements of this Order, or the amended complaint may be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff is further forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

An Order follows.

Date:  June 22, 2022                                     /s/
                                                Ellen L. Hollander
                                                United States District Judge